IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1997 SESSION

FILED

January 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9607-CR-00275 |
| | ) | |
| Appellee, | ) | HAWKINS COUNTY |
| | ) | |
| VS. | ) | **HON. JAMES E. BECKNER, JUDGE** |
| | ) | |
| JAMES DARRELL HORNE, | ) | (Aggravated Burglary, four counts, |
| | ) | Theft, four counts) |
| Appellant. | ) | |

FOR THE APPELLANT:

**RUSSELL MATTOCKS**
1609 College Park Dr., Box 11
Morristown, TN 37813-1618

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**C. BERKELEY BELL**
District Attorney General

**DOUG GODBEE**
Assistant District Attorney General
Main Street, Courthouse
Rogersville, TN 37857

**OPINION FILED:** _____

**AFFIRMED**

**CHRIS CRAFT,**
**SPECIAL JUDGE**

**O P I N I O N**

Appellant, James Darrel Horne, was charged in an eight count presentment with four aggravated burglaries and four resultant thefts. After a hearing on Defendant's Motion to Suppress, which was denied by the trial judge, appellant entered a guilty plea to each count, all sentences to be served concurrently, for an effective sentence of three years in the Department of Correction, reserving as certified questions of law two findings by the trial judge during the motion to suppress.

The two questions presented for our review are stated as follows in a written order entered by the trial judge:

Could the prosecution witness Linda McClain consent to a search of the defendant's residence and was the consent to search signed by Linda McClain valid?

Was the defendant adequately advised of his rights under Miranda prior to the alledged[sic] oral statement made to detectives during custodial interrogation?

The proof presented at the hearing on the suppression motion is summarized as follows:

Detective Rocky Croy of the Carter County Sheriff's Department testified that he was told by his superiors to go to a residence on Anderson Road in Carter County, Tennessee, with the SWAT team, to apprehend appellant on a fugitive from justice warrant. While waiting for appellant to appear, Linda McClain drove up. She gave his superior, Chief Potter, permission to search inside for appellant, and while inside he saw property in plain view that had been reported stolen just a few days before (appellant had burglary cases pending in several counties besides Hawkins County.)

Linda McClain then testified that she and her children were living with appellant, known to her as David Morgan, at the Anderson Road address, along with his half brother and his half brother's boyfriend. She had her clothes and her children's clothes there, and paid the utilities, which were in her name. She admitted consenting to the search, and identified the written consent to search that she gave the officers on the scene. She also testified that she was the driver when the appellant committed the Hawkins County burglaries and that when she had driven to the Anderson Road location that day, it was for the purpose of packing her things and leaving the

2

jurisdiction. She had just dropped appellant off to do another burglary, and was going to get her kids and "make a run for it" (at the time of her testimony, Ms. McClain was serving a 42 year sentence for multiple other crimes.) She stated that she had made no deals with the State to testify, but that Detective Kidd had agreed to write a letter for her to the parole board after she had served 12 years of her sentence.

Detective Alan Kidd testified that he showed some of the property seized from the residence on Anderson Road in Carter County to three victims, who identified it as property taken in three aggravated burglaries in Hawkins County (the subject of counts one through six of the presentment.) He also confirmed that the utility records of the Anderson Road location were in the name of Linda McClain.

Detective Randy Simpson, with the Sullivan County Sheriff's Department, testified that when he learned of appellant's arrest he went to Carter County to borrow appellant, to try and solve some Sullivan County burglaries. A Detective Hodges from the Carter County Sheriff's Department advised appellant of his rights in Simpson's presence in Carter County, and he agreed to ride with Simpson to Sullivan County and show him places he had broken into. During the ride, they crossed into Hawkins County briefly and appellant pointed to a trailer park behind a store, and admitted to breaking into a couple of trailers in the park. (This Court must presume from a silent record that this statement was made in reference to the fourth residence referred to in counts seven and eight of the presentment, although the victim's name is never mentioned, as the question of suppression of the statement has been certified as dispositive of the case, and no other evidence has been presented connecting the appellant with these two remaining counts.) Although appellant executed two written waivers, they were both dated after the ride with Simpson.

The appellant testified that Linda McClain lived at three different addresses, only occasionally staying at the Anderson Road address with him, his brother and his brother's boyfriend. Her kids stayed there when she did, but she had no key. He asked her to put the utilities in her name because of his outstanding fugitive warrant from Kentucky, and that although she paid the utility bills, she used his money. He also testified that he had broken up with her two weeks before the search because of

3

a desire to reconcile with his wife, and that therefore she had no right to consent to the search.

The trial judge found from the proof that Linda McClain had an equal right with appellant to use the premises and gave a valid consent to search. He likewise found that appellant was properly "Mirandized" prior to giving his oral statement to Detective Simpson and that he voluntarily, knowingly and intelligently waived his right against self-incrimination.

On appeal, a trial court's findings of fact on a motion to suppress are conclusive unless the evidence preponderates against those findings. *State v. Woods*, 806 S.W.2d 205, 208 (Tenn. Crim. App. 1990), cert. denied, 502 U.S. 1079, 112 S. Ct. 986 (1992); *State v. Johnson*, 717 S.W.2d 298, 304-05 (Tenn. Crim. App. 1986). Findings of fact by trial judges are afforded the weight of jury verdicts and are conclusive "if there is any evidence to support" them. *State v. O'Guinn*, 709 S.W.2d 561, 566 (Tenn. 1986). We cannot substitute our judgment for that of the trial court or declare error absent a finding that the trial judge abused his discretion. *State v. Melson*, 638 S.W.2d 342 (Tenn.1982). The trial judge was in the best position to evaluate the credibility of the witnesses, and there is ample proof in the record to support his findings.

The judgment of the trial court is therefore AFFIRMED.

_____
CHRIS CRAFT, SPECIAL JUDGE

_____

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
JOE RILEY, JUDGE